Ryan SMILEY, by his guardian ad litem Krista Smiley; Jennifer Lyons, by her guardian ad litem Susan Lyons, on behalf of themselves and all others similarly situated; Learning Disabilities Association of California; Juleus Chapman, by his guardian ad litem Monique Chapman, Plaintiffs—Appellees,

v.

CALIFORNIA DEPARTMENT OF EDUCATION; Delaine Eastin, Superintendent of Public Education; California State Board of Education, Defendants—Appellants,

and

Fremont Unified School District; Sharon Jones, Superintendent of Fremont Unified School District, Defendants.

Nos. 02–15552, 02–15553.

D.C. No. CV–01–01780–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2002.

Decided Dec. 19, 2002.

Rehearing and Rehearing En Banc Denied Dec. 19, 2002.

Before CYNTHIA HOLCOMB HALL, MCKEOWN, and CLIFTON, Circuit Judges.

---

AMENDED MEMORANDUM *

We recognize that this case presents important and complicated issues for all of the parties and that further proceedings in the district court are inevitable. We are presented with interlocutory review of a preliminary injunction, and the scope of this order relates only to that review and to the terms of the interim relief imposed by the preliminary injunction order.

With respect to paragraphs 1 and 2 of the district court's preliminary injunction order dated February 21, 2002, the State Defendants assure us that those provisions, which permit all members of the plaintiff class to take the California High School Exit Examination ("CAHSEE") with the necessary accommodations and modifications, are already in effect. To avoid any ambiguity on this point, we therefore decline to modify paragraphs 1 and 2 of the district court's order.

The remainder of the plaintiffs' challenge to the administration of the CAHSEE is not currently ripe for adjudication. The development of the CAHSEE is, as the district court observed, a "highly dynamic process." The State Defendants argue with some justification that they need experience with administration of CAHSEE to further develop and refine the test, to decide whether there should be a delay in the date for imposing it as a requirement for a high school diploma, and for working out the waiver process by which students with disabilities may obtain diplomas even if they are unable to satisfy the normal CAHSEE requirement. The awarding of diplomas is what CAHSEE is fundamentally about. Thus, to the extent that the claims allege potential future harms caused by the possible denial of a waiver of CAHSEE requirements or of a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

diploma, the accommodations claims are not yet ripe. *See Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (noting that the ripeness doctrine is triggered when the claims at issue relate to "contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal quotation marks omitted)).

The claims are ripe to the extent that the uncertainty of the waiver process burdens students' rights to participate in the examination by forcing them to choose between forgoing the use of modifications or risking the denial of a waiver. Because they have alleged a real and immediate injury to all learning disabled students whose IEPs indicate the use of modifications, the plaintiffs have standing to raise this aspect of the claim. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

However, because the IDEA does not encompass restrictions on the state in the exercise of its traditional authority to set diploma requirements, paragraphs 3–5 and 8 of the injunction are, in their present form, overbroad because they "require more of state officials than is necessary to assure their compliance with federal law." *Clark v. Coye,* 60 F.3d 600, 604 (9th Cir. 1995).

Plaintiffs' challenge to the putative failure to establish an alternate assessment process is addressed in part by paragraphs 1 and 2 of the preliminary injunction, which remain in effect. Students with disabilities who take CAHSEE will receive results, including those students who take the exam using accommodations or modifications. The balance of Plaintiffs' claim regarding alternative assessment is also insufficiently ripe for adjudication on a

statewide basis at the present time. *See Texas v. United States,* 523 U.S. at 300, 118 S.Ct. 1257.

Therefore, we REVERSE the district court's order with respect to paragraphs 3–5 and 8 of the preliminary injunction and REMAND with directions to dissolve those portions of the preliminary injunction.

REVERSED in part and REMANDED. Each party is to bear its own costs on appeal.